# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 23, 2021

Lyle W. Cayce
Clerk

No. 20-60265
Summary Calendar

Joel Eko Tawani,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 743 267

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Joel Eko Tawani petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal from the denial by the Immigration Judge (IJ) of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Questions of law are reviewed de novo and factual findings are reviewed for substantial evidence. *Id.* Under the substantial evidence standard, "[t]he alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

As to Tawani's claim that he was deprived of his due process rights by the IJ's alleged abuse of process, he did not explicitly raise this claim before the BIA. A due process claim is not subject to exhaustion unless it implicates a procedural error correctable by the BIA. *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). As this alleged error is of the type which would have been correctable by the BIA, we lack jurisdiction to consider it. *See id.*

Tawani also challenges the BIA's denial of his applications for asylum, withholding of removal, and protection under the CAT based on the adverse credibility finding. By failing to address the specific basis for the adverse credibility determination, he has arguably abandoned the issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

In any event, the record does not compel a finding that Tawani was credible or that no reasonable factfinder could have made an adverse credibility finding. *See Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018). The adverse credibility determination was based on the implausibility of and inconsistencies in Tawani's various accounts, which are permissible grounds upon which to base that finding. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 763-64 (5th Cir. 2020). Without credible evidence, the agency had no basis upon which to grant Tawani's applications. *See Chun v. I.N.S.,* 40 F.3d 76, 79 (5th Cir. 1994); *see also Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).

DISMISSED in part for lack of jurisdiction; DENIED in part.